IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. PARIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3700 |
| | : | |
| MARIROSA LAMAS, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                                             **SEPTEMBER 14, 2020**

Plaintiff Thomas J. Paris, a prisoner incarcerated at SCI-Chester, brings this *pro se* civil action against prison officials at SCI-Chester raising claims stemming from a fire at the facility. Mr. Paris seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Paris leave to proceed *in forma pauperis*, dismiss his Complaint, and give Paris an opportunity to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Mr. Paris named the following individuals as Defendants in this civil action: (1) Marirosa Lamas, the Superintendent of SCI-Chester; (2) a John Doe Lieutenant; (3) a John Doe Sergeant; (4) Correctional Officer Ortiz; and (5) SCI-Chester. Paris alleges that on December 11, 2019, smoke began to enter his cell after an inmate in another cell set his mattress on fire. (ECF No. 1 at 3 & 4.) The smoke got thicker, irritating Paris's eyes and causing him to choke. (*Id.* at 3.) At that time, Paris looked out from his cell and observed that that cell block officers were located at a cell across the way from him on the lower level, which is where the smoke was coming from. (*Id.*)

---

[1] The following allegations are taken from Paris's Complaint.

1

Mr. Paris pushed the emergency button in his cell, but the officers were busy removing an inmate from the cell where the fire originated, so Paris was "stuck in the cell breathing in toxic smoke and toxic smoke [was] in his eyes." (*Id.*)  Paris alleges that he continued to push the emergency button until his cell was opened, approximately thirty-five minutes later.  (*Id.* at 4.) However, he alleges that the air quality was "not much better" than it was inside the cell.  (*Id.*) When Paris reported this to the "Block Officer's Desk," the "Block Officer" responded that Paris would not be taken outside for fresh air while the smoke cleared.  (*Id.*)  Paris also indicates that the officers who were present were more concerned with disciplining the inmate who started the fire than evacuating inmates to the yard.  (*Id.*)  Paris was ordered to "lock in for 8:45 lock down until 7:00 am." (*Id.*)  At that time, he sought medical attention for his lungs because he was coughing, having difficulty breathing, experiencing eye irritation, and had a headache.  (*Id.*)  He alleges that he "continues with treatment at the Prison Medical Dept." due to eye irritation and headaches.  (*Id.*)

Paris initiated this lawsuit seeking $500,000 in compensatory damages and $250,000 in punitive damages based on prison officials' response to the fire, which he describes as negligent.[2]  (*Id.* at 6-7.)  Paris indicates that, on May 5, 2020, before he filed his Complaint in the instant case, he filed a complaint in the Delaware County Court of Common Pleas about the

---

[2] The Court does not understand Paris to be raising claims based on the medical response and/or medical treatment he received for his injuries, because the focus of his factual allegations and description of his "legal claims" is the prison's response to the fire.  In any event, Paris alleges that he received and continues to receive treatment for his injuries, so his Complaint, as pled, does not suggest any basis for such claims.  (ECF No. 1 at 4.)

same events at issue in this case.  (*Id.* at 5.)  It is not clear from the Complaint whether that case was resolved.[3]

## II.   STANDARD OF REVIEW

The Court grants Paris leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*  As Paris is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

Liberally construing Paris's Complaint, it could be understood to raise claims under 42 U.S.C. § 1983 for deliberate indifference to Paris's safety, and negligence claims under

---

[3] *Res judicata*, also known as claim preclusion, "bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit."  *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citing *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010)); *see also Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2016).  Since the outcome, if any, of Paris's previously-filed complaint in state court is not clear from the Complaint or the public record, the Court cannot discern at this time whether Paris's claims are precluded.

[4] However, as Paris is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

Pennsylvania law.[5] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Paris has named three Defendants who appear to be supervisory officials at SCI-Chester — Superintendent Lamas, Lieutenant John Doe and Sergeant John Doe — and a Correctional Officer named Ortiz. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

---

[5] The statutes cited in the Complaint — 28 U.S.C. § 1654, which proscribes the right to represent oneself in litigation; 28 U.S.C. § 2244, which pertains to habeas litigation; and 28 U.S.C. § 2671, which pertains to tort claims against the federal government — do not provide a basis for any claims here.

In general terms, Eleventh Amendment prohibits claims against governmental entities and governmental officials. In particular, "Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020). "Congress did not abrogate Eleventh Amendment immunity via § 1983" and Pennsylvania has not waived its immunity in federal court. *Id.* at 310; *see also* 42 Pa. Cons. Stat. § 8521-22. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (internal citations omitted).

Here, Mr. Paris does not allege any facts from which it could be inferred that any of the named Defendants were *personally* involved in the events giving rise to his claims. In other words, Paris has not stated what each Defendant did or did not do in relation to the fire to support a basis for a legal claim against each Defendant. Since Paris did not allege a basis for the Defendants' personal involvement in the response to the fire, the Court presumes that he intended to sue those Defendants in their *official* capacities as employees of the Pennsylvania Department of Corrections based on their positions in the prison. *See Downey*, 968 F.3d at 310. However, those claims are barred by the Eleventh Amendment because they are essentially claims against the Commonwealth. *Id.* For these reasons, Paris's § 1983 claims against the individual Defendants fail.[6] His claims against SCI-Chester fail for the same reasons, that is,

---

[6] Although the Court does not decide the merits of any § 1983 claims, it is worth noting that negligence is not actionable under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Rather, for a prisoner to state an Eighth Amendment claim pursuant to § 1983, he must allege that prison officials acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834.

because SCI-Chester is an entity of the Commonwealth that is not susceptible to suit in federal court. For that matter, SCI-Chester is not a "person" susceptible to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Turning to Mr. Paris's negligence claims, these would arise under state law. The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[7] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Since the Complaint is silent on the citizenship of the parties, Mr. Paris has not met his burden for establishing a basis for diversity jurisdiction over any state claims.

---

[7] Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Paris's federal claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and will dismiss his state claims for lack of subject matter jurisdiction.  Paris's claims against SCI-Chester and the individual Defendants in their official capacities are dismissed with prejudice because Paris cannot cure the defects in those claims.  However, the Court will give Paris an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can state a plausible basis for a claim within the Court's jurisdiction against the individual Defendants in their individual capacities.  An appropriate Order follows, which provides further instruction as to amendment.

                               **BY THE COURT:**

                               /s/ Gerald Austin McHugh
                               **GERALD A. McHUGH, J.**