IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. PARIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3700 |
| | : | |
| MARIROSA LAMAS, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**McHUGH, J.**                                                                                                                                    **OCTOBER 15, 2020**

      Plaintiff Thomas J. Paris, a prisoner incarcerated at SCI-Chester, has filed an Amended Complaint against prison officials at SCI-Chester raising claims stemming from a fire at the facility. For the following reasons, the Court will dismiss Paris's Amended Complaint.

### I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

      Mr. Paris's initial Complaint named the following individuals as Defendants in this civil action: (1) Marirosa Lamas, the Superintendent of SCI-Chester; (2) a John Doe Lieutenant; (3) a John Doe Sergeant; (4) Correctional Officer Ortiz; and (5) SCI-Chester. His claims stemmed from the response to a fire at SCI-Chester on December 11, 2019, which occurred when another inmate in a different cell set fire to his mattress. (ECF No. 1 at 3 & 4.) Paris sought damages based on prison officials' response to the fire, which he described as negligent. (*Id.* at 6-7.)

      The Court granted Paris leave to proceed *in forma pauperis* and, in a September 14, 2020 Memorandum and Order, dismissed his Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 6 & 7.) The Court construed the Complaint as raising claims pursuant to 42 U.S.C. § 1983 and negligence claims under state law. Upon screening, the Court dismissed Paris's § 1983 claims because he had not alleged any personal involvement in the

relevant events by the Defendants so as to state a plausible claim against them in their individual capacities, and his claims against the Defendants in their official capacities, which were essentially claims against the Commonwealth, were precluded by Eleventh Amendment immunity.  (ECF No. 6 at 3-6.)  Paris's corresponding state law claims were dismissed for lack of subject matter jurisdiction.  (*Id.* at 6-7.)  The Court dismissed with prejudice Paris's claims against SCI-Chester and the Defendants in their official capacities but gave Paris leave to amend his claims against the Defendants in their individual capacities.  (*Id.* at 7; *see also* ECF No. 7 at 2-3.)

     Mr. Paris returned with an Amended Complaint in which he named as Defendants, in their individual and official capacities, Superintendent Lamas, a John Doe Lieutenant, a John Doe Sergeant, and Correctional Officer Ortiz.  These are the same Defendants named in the initial Complaint, with the exception of SCI-Chester, which was not included in the Amended Complaint.  Paris indicates that he is raising Eighth Amendment claims and negligence claims stemming from the fire that occurred at SCI-Chester on December 11, 2019.  (ECF No. 8 at 3-4.)

     Paris alleges in his Amended Complaint that on the date in question, smoke filled his cell.  (*Id.* at 5.)  Paris alleges that he "pushed the emergency button to [escape] the smoke filled cell but officers were busy with the inmate [who set the fire] and the mattress fire at the time and unable to open [the] cell door to let [him] out."  (*Id.*)  Mr. Paris adds that other inmates were in the day room and that "all officers on D8-tower were involved."  (*Id.*)  He claims to have suffered from "toxic smoke" inhalation and alleges that the smoke damaged his eyes, causing

headaches, eye irritation, lack of sleep, and "bad breathing."[1] (*Id.*) Paris primarily seeks compensatory and punitive damages. (*Id.*)

## II. STANDARD OF REVIEW

As Mr. Paris is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Paris is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Official Capacity Claims

As noted in the Court's Memorandum dismissing Mr. Paris's initial Complaint, (ECF No. 6 at 5), "Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020). "Congress did not abrogate Eleventh Amendment immunity via § 1983" and Pennsylvania has not waived its immunity in federal court. *Id.* at 310; *see also* 42 Pa. Cons. Stat. § 8521-22. "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh

---

[1] Paris also alleges that he received medical treatment for his injuries. (ECF No. 8 at 5.) The Court does not understand him to be pursuing a claim based on the medical treatment he received.

3

Amendment immunity." *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (internal citations omitted).  As Paris's official capacity claims against the Defendants, all of whom are employees of the Pennsylvania Department of Corrections, are in essence claims against the Commonwealth of Pennsylvania, the claims are barred by the Eleventh Amendment and must be dismissed.

### B. Section 1983 Individual Capacity Claims

Paris has again failed to state a claim under § 1983 against the Defendants in their individual capacities.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).   Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as

4

the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

To establish an Eighth Amendment violation based on conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (stating that the Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials provide "humane conditions of confinement."). Such necessities include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent " unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Negligence is not actionable under § 1983. *See id.* at 835.

As with his initial Complaint, Paris does not allege any facts in his Amended Complaint from which it could be inferred that any of the named Defendants were personally involved in the events giving rise to his claims. In other words, Paris has not stated what each Defendant did or did not do concerning the response to the fire to support a basis for a legal claim against each Defendant. But even if one construes the Amended Complaint as alleging that one or more of the Defendants was directly responsible for the delay in releasing him from his cell, he has failed to allege any facts showing deliberate indifference to his health and safety. Mr. Paris pleads that the officers responsible were "busy" focusing on the site of the fire and the inmate

who started the fire at the time he was exposed to the smoke. This might potentially give rise to a claim for negligence, but not one for deprivation of constitutional rights. Accordingly, this Court will dismiss his § 1983 claims.

### C. State Law Claims

Turning to Paris's negligence claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[2] Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Since the Amended Complaint is silent on the citizenship of the parties, Mr. Paris has not met his burden for establishing a basis for diversity jurisdiction over any state claims.

---

[2] Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Paris's federal claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and will dismiss his state claims for lack of subject matter jurisdiction.  As Paris has already been given an opportunity to cure the defects in his claims and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").  An Order follows, which shall be docketed separately.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. McHUGH, J.**