IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. PARIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 20-CV-3700 |
| | : |
| MARIROSA LAMAS, *et al.*,<br>    Defendants. | :<br>: |

**MEMORANDUM**

McHUGH, J.                                                                                                    NOVEMBER 2, 2020

Plaintiff Thomas J. Paris, a prisoner incarcerated at SCI-Chester, has filed a Second Amended Complaint ("SAC") against prison officials at SCI-Chester raising claims stemming from a fire at the facility. (ECF No. 11.)[1] The SAC appears to have crossed in the mail with the Court's October 15, 2020 Memorandum and Order dismissing this case. (ECF Nos. 9 & 10.) For the following reasons, the Court will construe the SAC as a post-judgment motion to amend the complaint and deny the motion because the SAC fails to state a claim.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Mr. Paris's initial Complaint named the following individuals as Defendants in this civil action: (1) Marirosa Lamas, the Superintendent of SCI-Chester; (2) a John Doe Lieutenant; (3) a John Doe Sergeant; (4) Correctional Officer Ortiz; and (5) SCI-Chester. His claims stemmed from the response to a fire at SCI-Chester on December 11, 2019, which occurred when another inmate in a different cell set fire to his mattress. (ECF No. 1 at 3 & 4.) Mr. Paris sought damages based on prison officials' response to the fire, which he described as negligent. (*Id.* at 6-7.)

---

[1] The pleading was docketed as "Amended Complaint" even though it is Paris's Second Amended Complaint in this case.

1

The Court granted Paris leave to proceed *in forma pauperis* and, in a September 14, 2020 Memorandum and Order, dismissed his Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 6 & 7.) The Court construed the Complaint as raising claims pursuant to 42 U.S.C. § 1983 and negligence claims under state law. The Court dismissed Paris's § 1983 claims because he had not alleged any personal involvement in the relevant events by the Defendants so as to state a plausible claim against them in their individual capacities, and his claims against the Defendants in their official capacities, which were essentially claims against the Commonwealth, were precluded by Eleventh Amendment immunity. (ECF No. 6 at 3-6.) Mr. Paris's corresponding state law claims were dismissed for lack of subject matter jurisdiction. (*Id.* at 6-7.) The Court dismissed with prejudice Paris's claims against SCI-Chester and the Defendants in their official capacities but gave Paris leave to amend his claims against the Defendants in their individual capacities. (*Id.* at 7; *see also* ECF No. 7 at 2-3.)

Mr. Paris returned with an Amended Complaint in which he named as Defendants, in their individual and official capacities, Superintendent Lamas, a John Doe Lieutenant, a John Doe Sergeant, and Correctional Officer Ortiz. These are the same Defendants named in the initial Complaint, with the exception of SCI-Chester, which was not included in the Amended Complaint. Paris raised Eighth Amendment claims and negligence claims stemming from the fire that occurred at SCI-Chester on December 11, 2019. (ECF No. 8 at 3-4.)

Mr. Paris alleged in his Amended Complaint that on the date in question, smoke filled his cell. (*Id.* at 5.) Paris "pushed the emergency button to [escape] the smoke filled cell but officers were busy with the inmate [who set the fire] and the mattress fire at the time and unable to open [the] cell door to let [him] out." (*Id.*) He claimed to have suffered from "toxic smoke"

inhalation and alleged that the smoke damaged his eyes, causing headaches, eye irritation, lack of sleep, and "bad breathing." (*Id.*)

In an October 15, 2020 Memorandum and Order, the Court dismissed the § 1983 claims in Paris's Amended Complaint for failure to state a claim and dismissed his state negligence claims for lack of subject matter jurisdiction. (ECF No. 9 at 7.) The Court explained that, as with the initial Complaint, Paris could not state a § 1983 claim against the Defendants in their official capacities because those claims were barred by Eleventh Amendment immunity. (*Id.* at 3-4.) Paris also failed to state a § 1983 claim against the Defendants in their individual capacities because he failed to allege that they were personally involved in the events giving rise to his claims and, in any event, his allegations at most "potentially [gave] rise to a claim for negligence" rather than a constitutional violation. (*Id.* at 6.) However, as Paris had failed to allege a basis for the Court's diversity jurisdiction, the Court dismissed any negligence claims for lack of subject matter jurisdiction. (*Id.* at 6.)

The Court did not grant Paris any further leave to amend, but unbeknownst to the Court, Mr. Paris submitted his SAC, which was docketed five days after the Court's entry of final judgment. The SAC names the same Defendants as Paris's Amended Complaint, and asserts Eighth Amendment claims pursuant to § 1983 based on "inadequate ventilation and Failing to Protect [Paris] from Toxic Smoke from [the] Mattress Fire" that occurred on his housing unit on December 11, 2019. (ECF No. 11 at 1.) Mr. Paris alleges in general terms that Superintendent Lamas and Correctional Officer Ortiz are responsible for training staff and inmate safety, and that the John Doe Defendants were on duty on the date in question and likewise responsible for inmate safety. (*Id.*) But he provides no specific allegations about the Defendants' actions or the

3

events that occurred, contending only that they were "aware of the Toxic Smoke that was Released by the Mattress Fire." (*Id.* at 3.)

As with his prior pleadings, Paris alleges the he experienced eye irritation and headaches, and that he has received medical treatment for his injuries. (*Id.* at 4.) He seeks compensatory and punitive damages. (*Id.* at 6.)

## II.    STANDARD OF REVIEW

Since final judgment has been entered in this case, the Court will construe Paris's SAC as a conjoined motion for reconsideration, *see* Fed. R. Civ. P. 59(e), and motion for leave to file an amended complaint, *see* Fed. R. Civ. P. 15(a). *See Lacey v. City of Newark*, No. 19-3140, 2020 WL 5757995, at *3 (3d Cir. Sept. 28, 2020) ("A post-judgment motion to amend a complaint is properly construed as either a motion pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, depending upon when it was filed." (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011))). "When a party requests post-judgment amendment of a pleading, a court will normally conjoin the Rule 60(b) [or Rule 59(e)] and Rule 15(a) motions to decide them simultaneously, as it would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend." *Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (internal quotations omitted). "Therefore, the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying [amendment and reconsideration]." *Id.* (internal quotations omitted); *see also Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) ("We have held that '[w]here a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and 59 inquiries turn on the same factors.'" (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001)).

Here, the relevant inquiry is whether Paris's SAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice to state a claim. *Id.*

### III. DISCUSSION

The SAC does not state a § 1983 against the Defendants. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent Paris again intended to sue the Defendants, all of whom are employees of the Pennsylvania Department of Corrections, in their official capacities, his claims are essentially claims against the Commonwealth of Pennsylvania that are barred by the Eleventh Amendment. *See Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 309-10 (3d Cir. 2020) ("Eleventh Amendment immunity bars actions for retroactive relief against state officers acting in their official capacity.").

Nor does the SAC state a § 1983 against the Defendants in their individual capacities. As noted in the Court's prior Memoranda, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be held liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Furthermore, to establish an Eighth Amendment violation based on conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such necessities

include food, clothing, shelter, medical care and reasonable safety. *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). A prisoner must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Negligence is not actionable under § 1983. *See id.* at 835.

As with Mr. Paris's prior pleadings, the SAC does not allege facts from which the Court could plausibly infer that the Defendants — or any other prison employees — were deliberately indifferent to his health or safety in connection with the fire. At most, Paris has alleged that a fire occurred and that he was exposed to smoke as a result. Additionally, his allegations about the Defendants' involvement are vague, conclusory, and even when construed liberally do not support a conclusion that the Defendants consciously disregarded an excessive risk to Paris's safety. At most, Mr. Paris might state claims for negligence, but he has again failed to allege any basis for the Court's jurisdiction over those claims. *See* 28 U.S.C. § 1332(a). In sum, the SAC does not allege any basis for a plausible claim within this Court's jurisdiction, so the Court will not reopen its judgment in this case. An Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. McHUGH, J.**